United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FOX,<br><br>    Plaintiff,<br><br>    v.<br><br>DERHAM-BURK,<br><br>    Defendant. | Case No. 18-CV-02240-LHK<br><br>**ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE** |

Appellant Zailey Fox has appealed a March 29, 2018 Order pursuant to 28 U.S.C. § 158(a). ECF No. 1. For the reasons stated below, the Court hereby DISMISSES with prejudice the instant appeal for failure to prosecute.

**I.　BACKGROUND**

On April 13, 2018, Appellant filed her notice of appeal from the Bankruptcy Court. ECF No. 1. Pursuant to Federal Rule of Bankruptcy Procedure 8009, within 14 days after the appellant's notice of appeal as of right becomes effective under Rule 8002, the appellant must file with the bankruptcy clerk "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankruptcy P. 8009(a)(1). On April 13, 2018, the initial case management scheduling order for a bankruptcy case was also filed. ECF No. 2.

1

1  Pursuant to that case management scheduling order, Appellant's opening brief was due "no more than 30 days after docketing of notice that the record has been transmitted or is available electronically on the District Court's docket." *Id.* at 1.

On May 14, 2018, Appellant filed a motion for a 30-day extension of the deadline to file her opening brief, to June 13, 2018. ECF No. 3. On May 29, 2018, the Court dismissed appellant's motion for a 30-day extension as moot because Appellant had failed to designate items to be included in the record on appeal, and thus, the bankruptcy record on appeal had not yet been transmitted or made electronically available on the District Court's docket, so the 30-day period in which Appellant must file her opening brief had not yet begun to run. ECF No. 7.

On May 21, 2018, the Court ordered Appellant to show cause why the appeal should not be dismissed with prejudice for failure to file a designation of record on appeal and statement of issues within 14 days after the appellant's notice of appeal becomes effective pursuant to Rule 8009. ECF No. 4. The Court ordered Appellant to file a written response by May 29, 2018 and to appear at a hearing on May 31, 2018 at 1:30 p.m. On May 29, 2018, Appellant filed a written response to the order to show cause and also filed a designation of record on appeal. ECF Nos. 5, 6. Appellant explained that her attorney's office had been understaffed due to personnel turnover and that the failure to comply with Rule 8009 was an oversight caused by the understaffing.

Accordingly, the Court vacated the Order to Show Cause on May 29, 2018. ECF No. 7 ("Vacating Order"). In the Vacating Order, the Court stated that "[p]ursuant to ECF No. 2, Appellant's principal brief is due no more than 30 days after docketing of the notice that the record has been has been transmitted or is available electronically on the District Court's docket." *Id.*

On August 10, 2018, notice that the bankruptcy record had been transmitted was filed. ECF No. 9. Accordingly, Appellant had 30 days from this notice to file her principal brief. See ECF No. 7. As of September 11, 2018, Appellant had not filed her principal brief, as required by the Vacating Order. Accordingly, the Court again ordered Appellant to show cause why the appeal should not be dismissed for failure to file Appellant's principal brief within 30 days after

2
Case No. 18-CV-02240-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

docketing of the notice that the record has been transmitted. ECF No. 10. The Court ordered Appellant to file a written response to the Order to Show Cause by Friday, September 14, 2018. *Id.* at 2. The Court also set a hearing on the Order to Show Cause for Monday, September 17, 2018, at 1:30 p.m. *Id.* The Court stated that "[f]ailure to respond to this Order to Show Cause by September 14, 2018 or to appear at the September 17, 2018 hearing will result in dismissal of the appeal with prejudice for failure to prosecute." *Id.* at 1–2. As of September 17, 2018, Appellant has not filed a response.

## II. LEGAL STANDARD

A district court has the discretion to dismiss a matter for failure to prosecute. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). "[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). When dismissing a matter for failure to prosecute, a district court should weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

## III. DISCUSSION

The Court finds that on balance the five factors described above weigh in favor of dismissal of Appellant's appeal for failure to prosecute.

### A. The Public's Interest in Expeditious Resolution of Litigation, and the Court's Need to Manage its Docket

Courts typically review the first two factors—the public's interest in expeditious resolution of litigation, and the court's need to manage its docket—in conjunction with one another "to determine if there is unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). A district court is accorded deference as to what constitutes "unreasonable delay" because "it knows when its docket may become unmanageable." *Id.*

3
Case No. 18-CV-02240-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

Here, the instant appeal has been pending for over five months. Appellant failed to timely file a designation of record on appeal and statement of issues and only filed after the Court issued its first Order to Show Cause. Now, Appellant has neglected to adhere to the Court-imposed deadline to file her opening brief, and has not responded to the Court's second Order to Show Cause. Based on Appellant's dilatory conduct and failure to follow the Court's deadlines, the Court finds that Appellant's delay has been unreasonable and warrants dismissal of this action. See *In re Gruntz*, 582 F. App'x 735, 736 (9th Cir. 2014) (affirming dismissal of bankruptcy appeal for failure to prosecute where appellants, among other things, "never filed their opening brief"); *Henderson*, 779 F.2d at 1424 (affirming denial for failure to prosecute where party, among other things, "disregarded repeatedly the deadlines set by the district court."). Moreover, Appellant's unreasonable delay and noncompliance has interfered with the Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

For the reasons stated above, the Court finds that the above two factors weigh in favor of dismissal.

**B.     Risk of Prejudice to Opposing Party**

"The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the [opposing party] from the failure." *In re Eisen*, 31 F.3d at 1452. This is because "[t]he law presumes injury from unreasonable delay." *Id.* Here, as previously discussed, the Court finds that Appellant's delay in this matter has been unreasonable, and therefore there is a presumption of prejudice to appellees. *See id.* Thus, this factor weighs in favor of dismissal.

**C.     Public Policy Favoring Disposition on the Merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. Thus, this factor generally counsels against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

4
Case No. 18-CV-02240-LHK
ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE

### D. The Availability of Less Drastic Alternatives

Before dismissing a matter for failure to prosecute, "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). However, "if the district court actually tries alternatives before employing the ultimate sanction of dismissal," then it is unnecessary for the district court to explicitly discuss alternatives. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Moreover, "warning a [party] that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Id.*

Here, the Court previously issued an Order to Show Cause why the appeal should not be dismissed with prejudice for failure to file a designation of record on appeal and statement of issues within 14 days after the Appellant's notice of appeal becomes effective pursuant to Rule 8009. ECF No. 4. Although the Court subsequently vacated this Order to Show Cause after Appellant filed a written response to the order and also filed a designation of record on appeal, this first Order to Show Cause gave Appellant notice of its failure to comply with court deadlines. ECF Nos. 5, 6. The Court then had to issue a second Order to Show Cause when Appellant next failed to file her opening brief. ECF No. 10. The Court warned Appellant that "[f]ailure to respond to this Order to Show Cause by September 14, 2018 or to appear at the September 17, 2018 hearing will result in dismissal of the appeal with prejudice for failure to prosecute." *Id.* at 1–2. Therefore, Appellant was on notice that failure to comply with further deadlines in this matter could result in dismissal. For the reasons stated above, the Court finds this factor weighs in favor of dismissal.

Although the public policy favoring disposition on the merits weighs against dismissal, the Court determines that the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to appellees, and the availability of less drastic alternatives all weigh in favor of dismissal. The Court finds that the four factors that weigh in favor of dismissal strongly outweigh the single factor against dismissal.

### IV. Conclusion

For the reasons stated above, the Court DISMISSES with prejudice the instant appeal for failure to prosecute. The Order to Show Cause Hearing set for September 17, 2018 is VACATED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 17, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge